SUMMARY ORDER

Mu Jin Di Jiang, a native and citizen of the People’s Republic of China, seeks review of an October 19, 2007 order of the BIA denying his motion to reopen his removal proceedings. In re Mu Jin Di Jiang, No. A77 565 730 (B.I.A. Oct. 19, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the ease.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). “An abuse of discretion may be found ... where the [BIA’s] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.” Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).
As an initial matter, the Government properly argues that our review is limited to the BIA’s denial of Jiang’s motion to reopen. See id., 265 F.3d at 89-90 (holding that where an individual files a timely petition from the denial of a motion, but *371 not from the underlying affirmance of the removal order, the Court may review only the denial of the motion). Accordingly, we do not consider Jiang’s arguments regarding the merits of the IJ’s denial of relief in his underlying proceeding.
The Immigration and Nationality Act (“INA”) provides that an individual must file a motion to reopen within ninety days of the issuance of a final administrative order of removal. See 8 U.S.C. § 1229a(c)(7)(C)(i); see also 8 C.F.R. § 1003.2(c)(2). This limitation, however, does not apply when the motion to reopen is filed in order to apply for asylum or withholding of removal “based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing.” 8 U.S.C. § 1229a(e)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(ii).
It is undisputed that Jiang’s motion was untimely, as it was filed over four years after the BIA issued its decision affirming the IJ’s denial of relief. See 8 C.F.R. § 1003.2(c)(2). We conclude, moreover, that the BIA did not abuse its discretion in finding that Jiang failed to meet an exception to the filing deadline for motions to reopen based on changed country conditions, in light of the adverse credibility determination that remains unchallenged in his case. We have recognized that “an applicant may prevail on a theory of future persecution despite an IJ’s adverse credibility ruling as to past persecution, so long as the factual predicate of the applicant’s claim of future persecution is independent of the testimony that the IJ found not to be credible.” Paul v. Gonzales, 444 F.3d 148, 154 (2d Cir.2006). However, the agency may properly deny a motion to reopen where the movant fails to overcome the adverse credibility finding that was the basis for the IJ’s denial of the underlying asylum application. See Kaur, 413 F.3d at 234. Here, despite his arguments to the contrary, Jiang’s claim of future persecution rests on the same factual predicate that the IJ found not to be credible — he continues to assert that the Chinese authorities seek to arrest and fine him because he and his wife violated the family planning policy and because he departed illegally from China. The IJ found that Jiang was not credible in making these same claims in the underlying proceeding. It was thus proper for the BIA to give little weight, if any, to the evidence that Jiang submitted, because it did not overcome the underlying adverse credibility determination. See Kaur, 413 F.3d at 234; Paul, 444 F.3d at 154. To the extent Jiang relies on the submission of purportedly new and unavailable evidence, i.e. a letter from his village committee, to support a claim of feared persecution without regard to the credibility of his past persecution, we identify no abuse of discretion in the BIA’s determination that this document, which was cumulative of other evidence previously reviewed by the immigration judge, failed to demonstrate changed country circumstances so as to excuse his otherwise untimely and number-barred motion.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).